SCRANTON *v.* WHEELER.

113    565
s71ᴺᵂ1091
s67ᴬˢᴿ 484
a179ᵁˢ141
a45ᴸᵉᵈ· 126
a21ˢᴼ    48

1. JURISDICTION OF COURTS—UNITED STATES INTERESTS — DEFENSE IN EJECTMENT.

    The fact that a defendant in ejectment is in possession of the disputed premises on behalf of the general government is insufficient to deprive the court of jurisdiction, but, to constitute a defense, it must appear that the right of the government is paramount to that of the plaintiff.

2. RIPARIAN RIGHTS — NAVIGABLE STREAMS — IMPROVEMENTS BY UNITED STATES.

    The title of the riparian owner to submerged lands along navigable waters, and his right of access thereto, are subject to the paramount right of the United States to use the land in aid of navigation, without compensation to the owner, in such manner as it shall determine to be necessary.

Error to Chippewa; Steere, J.  Submitted April 9, 1897.  Decided July 13, 1897.

Ejectment by Gilmore G. Scranton against Eben S. Wheeler.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Affirmed.

This case originated in the circuit court of the county of Chippewa in May, 1891, to recover possession of the following-described parcel of land:

"An undivided one-half interest or portion of, in, and to private land claim number 3, Whelply's survey, in the village of Sault Ste. Marie, Michigan, including therein that portion of the land beneath the water of St. Mary's

river from the river bank on said lot to the thread of the stream of said river, which forms a part of said lot, and all riparian rights belonging and attached thereto and being a part thereof, which said premises the plaintiff claims in fee."

The defendant was then the superintendent of the St. Mary's Falls Canal, under the authority of the United States government. After issue was joined, a petition was filed by the defendant for the removal of the cause to the federal court, for the reasons (1) that defendant was in possession for the United States, as superintendent of the canal, and that the United States was the real party in interest; (2) that the suit arose under the laws of the United States. Thereupon the suit was removed, and was tried in the circuit court of the United States for the Western district of Michigan, September 14, 1892, resulting in a judgment for the defendant. The case was then removed by a writ of error to the United States court of appeals, and there affirmed. 6 C. C. A. 585, 57 Fed. 803. It was then appealed to the Supreme Court of the United States, and dismissed from that court, and remanded to the state court for trial, for the reason that the pleadings did not show any federal jurisdiction. Thereupon trial was had in the state court, resulting in a judgment for the defendant, and the case is now in this court on a writ of error.

*Harlow P. Davock* and *John C. Donnelly*, for appellant.

*John Power*, U. S. District Attorney, for appellee.

Grant, J. (*after stating the facts*). 1. The learned circuit judge directed a verdict for the defendant upon the ground that the judgment against the defendant, Wheeler, would, in effect, be a judgment against the United States and its property. In this the court was in error. When one in the actual possession of property defends his right of possession upon the ground that the government, state or national, has placed him in possession, he must show that the right of the government is paramount to the right

of the plaintiff, or judgment will go against him. This point has been settled by the decision of the Supreme Court of the United States rendered May 10, 1897. *Tindal* v. *Wesley*, 167 U. S. 204. In that case the authorities upon this point are reviewed at length, including the case of *Stanley* v. *Schwalby*, 162 U. S. 255, upon which defendant mainly relies.

2. The United States government took possession of the submerged land of the plaintiff for the purpose of erecting thereon piers in aid of the immense navigation upon the Great Lakes and the rivers connecting them. That the improvements made were necessary to aid and protect this navigation is established beyond dispute. Had the government the right to make these improvements upon the submerged land without compensation to the adjoining owner? It is conceded that under the law of Michigan the title to submerged land is in the adjoining owner to the thread of the stream. It is insisted in behalf of the plaintiff that the government possesses no right to so use his land, although submerged, and although necessary to so use it in aid of navigation, as to cut off his access to the open water. It is contended on the other hand that this title to submerged lands along navigable waters, and the right of access thereto, are subject to the paramount right of the United States to use this land in such manner as it shall determine to be necessary in aid of navigation. The court of appeals was unanimous in its opinion against the plaintiff's claim. In a very able opinion delivered by Judge Lurton the facts are clearly stated, the authorities cited, and we think the conclusion there reached is the correct one. We therefore deem it unnecessary for us to enter into a long discussion of the law and the authorities. The case of *Hawkins Point Lighthouse*, 39 Fed. 77, appears to be exactly in point, and to rule the present case.

We think the conclusion reached by the court below was a correct one, although it gave a wrong reason.

The judgment is affirmed.

The other Justices concurred.